(No. 3811—

HENRY CLAY GOTT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 15, 1944.*

Claimant, pro se.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

CHIEF JUSTICE DAMRON delivered the opinion of the court:

This claim was filed on the 25th day of September, 1943, for an award under the provisions of the Workmen's Compensation Act.

The record consists of the complaint, departmental report, claimant's waiver of brief, statement and argument, stipulation that the departmental report constitutes the full record and waiver of brief, statement and argument on behalf of respondent. The departmental report states that the claimant was first employed in the office of the Secretary of State on the 14th day of February, 1938. That on August 23, 1943, while in the employment of the respondent, and while going from one part of the room to another in the Capitol Building, at Springfield, Illinois, claimant tripped and fell, which resulted in an injury to his back and body, especially his spine and pelvis. That by reason of the injuries caused by his fall, he was absent from duty approximately ten days, but was paid regular wages during that time, and has been paid in full at the regular monthly rate for such services rendered by him from the date of his employment until the present time.

The report further states that at the time of his injuries he was drawing a monthly salary of $150.00.

Immediate notice was given to the respondent on the day of the injury. He was sent to St. John's Hospital in Springfield, Illinois, where x-rays were made at the suggestion of Dr. H. H. Southwick, the treating physician.

The complaint seeks an award as follows:

St. John's Hospital, Springfield, Illinois........................$25.00
Dr. H. H. Southwick, Springfield, Illinois....................... 10.00

and such other sums as may be provided by the Workmen's Compensation Act.

Upon a full consideration of this record, the court finds that respondent had notice of the accident on the date it occurred, that claim for compensation was made within six months, and that the claim was filed within one year after the date of the accident, meeting the jurisdictional requirements of Section 24 of the Workmen's Compensation Act.

Under Section 8, paragraph a of the Act, claimant is entitled to have such medical care as is reasonably required to relieve him of the effects of his injury. It appears from the record that the services claimed were necessary and that the charges therefor were reasonable and just. The record further discloses he was not able to work for a period of ten days after said injury and ordinarily would be entitled to three days temporary compensation, but inasmuch as the record discloses claimant was paid full salary during the period of temporary disability, this cannot be allowed.

There being no evidence in this record to sustain an award for temporary or permanent disability, any claim for such must be denied.

An award is therefore made in favor of the claimant in the total sum of $35.00, payable as follows:

1. The sum of $25.00 for the use of St. John's Hospital.

2. The sum of $10.00 for the use of Dr. H. H. Southwick.

This award is subject to the approval of the Governor as provided in Section 3 of "An Act concerning the payment of compensation awards to State employees."